# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| GARY STEVEN KALUS, | DOCKET NUMBER |
| Appellant, | NY-1221-15-0110-B-1 |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, | DATE: October 14, 2016 |
| Agency. | |

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Gary Steven Kalus</u>, Massapequa, New York, pro se.

<u>Cynthia J. Pree</u>, Esquire, and <u>Keturah Carr</u>, New York, New York, for the agency.

### BEFORE

Susan Tsui Grundmann, Chairman
Mark A. Robbins, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed his individual right of action (IRA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only when: the initial decision contains erroneous findings of material fact; the initial decision is based on an

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed.  Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115).  After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review.  Therefore, we DENY the petition for review.  However, for the reasons set forth below, we VACATE the initial decision and DISMISS the appeal for lack of jurisdiction on other grounds.

## BACKGROUND

¶2    The appellant is employed as a National Import Specialist with the agency's Bureau of Customs and Border Protection, National Commodity Specialist Division, Office of International Trade.  *Kalus v. Department of Homeland Security*, MSPB Docket Number NY-1221-15-0110-W-1, Initial Appeal File (IAF), Tab 1 at 2, 9, Tab 8 at 166.  On February 8, 2015, he filed this IRA appeal alleging that his former branch chief failed to nominate him for a performance award for fiscal year 2011 in reprisal for a September 16, 2011 letter he sent to the Assistant Commissioner of the Office of International Trade in which he alleged that his former branch chief had violated 5 U.S.C. § 2302(b)(8) by retaliating against him.  IAF, Tab 1 at 4, 6.

¶3    The agency moved to dismiss the appeal for lack of jurisdiction, arguing that the appellant had failed to nonfrivolously allege that he had made a protected disclosure.  IAF, Tab 8 at 12-13.  The agency also argued that the appellant failed to nonfrivolously allege that his alleged protected disclosure was a contributing factor in a personnel action taken against him because he provided no evidence

that the branch chief was aware of his protected disclosure and the branch chief's failure to nominate the appellant for an award was not a personnel action under 5 U.S.C. § 2302(a)(2).  IAF, Tab 8 at 13-15.

¶4        In an initial decision, the administrative judge dismissed the appellant's IRA appeal as untimely.  IAF, Tab 15.  In an Opinion and Order, the Board reversed the administrative judge's initial decision, finding that the appeal was timely filed, and remanded the appeal for further adjudication.  *Kalus v. Department of Homeland Security*, 123 M.S.P.R. 226 (2016).

¶5        On remand, without holding the appellant's requested hearing, the administrative judge issued a remand initial decision dismissing the appeal for lack of jurisdiction.  *Kalus v. Department of Homeland Security*, MSPB Docket No. NY-1221-15-0110-B-1, Remand File (RF), Tab 4, Remand Initial Decision (RID).  The administrative judge found that, although appellant had nonfrivolously alleged that he suffered a personnel action when he was denied a performance award, he failed to nonfrivolously allege that he made a protected disclosure under 5 U.S.C. § 2302(b)(8).[2]  RID at 4-7.  The administrative judge further found that, even assuming that the appellant nonfrivolously alleged that he engaged in protected activity under section 2302(b)(9)(A)(i) of the Whistleblower Enhancement Protection Act (WPEA) of 2012, he could not bring an IRA appeal under that section regarding events that occurred in 2011, prior to the effective date of the WPEA.  RID at 7-8.  Lastly, the administrative judge found that the appellant failed to nonfrivolously allege that his alleged protected disclosure was a contributing factor in a personnel action because there was no evidence that the branch chief was aware of his disclosure.  RID at 7.

---

[2] Although the administrative judge appears to have applied the proper nonfrivolous standard, the remand initial decision erroneously states that the appellant had not established by preponderant evidence that he made a protected disclosure or engaged in protected activity that was a contributing factor in a personnel action.  RID at 5-7.

¶6    The appellant has filed a petition for review.  Petition for Review (PFR) File, Tab 1.  The agency has opposed the appellant's petition.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶7    The Board has jurisdiction over an IRA appeal under the Whistleblower Protection Act of 1989 (WPA)[3] if the appellant exhausts his administrative remedies before the Office of Special Counsel and makes nonfrivolous allegations that:  (1) he engaged in whistleblowing activity by making a protected disclosure under 5 U.S.C. § 2302(b)(8); and (2) the disclosure was a contributing factor in the agency's decision to take or fail to take a personnel action as defined by 5 U.S.C. § 2302(a).  5 U.S.C. §§ 1214(a)(3), 1221(e)(1); *Yunus v. Department of Veterans Affairs*, 242 F.3d 1367, 1371 (Fed. Cir. 2001).

¶8    A "personnel action" for purposes of the WPA is defined as:  (i) an appointment; (ii) a promotion; (iii) an action under 5 U.S.C. chapter 75 or other disciplinary or corrective action; (iv) a detail, transfer, or reassignment; (v) a reinstatement; (vi) a restoration; (vii) a reemployment; (viii) a performance evaluation under 5 U.S.C. chapter 43; (ix) a decision concerning pay, benefits, or awards, or concerning education or training if the education or training may reasonably be expected to lead to an appointment, promotion, performance evaluation, or other personnel action; (x) a decision to order psychiatric testing or examination; and (xi) any other significant change in duties, responsibilities, or working conditions.  5 U.S.C. § 2302(a)(2)(A); *Mattil v. Department of State*, 118 M.S.P.R. 662, ¶ 14 (2012).

¶9    In finding that the appellant nonfrivolously alleged that he suffered a personnel action, the administrative judge erroneously construed the appellant's claims as asserting that he was denied a performance award.  RID at 4-5.

---

[3] All of the relevant events occurred prior to the December 27, 2012 effective date of the Whistleblower Protection Enhancement Act of 2012, Pub. L. No. 112-199, 126 Stat. 1465.

However the record reflects that the appellant specifically stated below that he was not contesting the denial of a performance award, but rather the branch chief's failure to nominate him for consideration for a performance award. IAF, Tab 1 at 4, 6, 10, Tab 11 at 6.

¶10     We agree with the agency that, under the circumstances of this case, the branch chief's failure to nominate the appellant for a performance award is not a personnel action within the meaning of 5 U.S.C. § 2302(a)(2)(A). Not every agency action is a personnel action under the WPA; an action must have practical consequences for the employee to constitute a personnel action. *King v. Department of Health & Human Services*, 133 F.3d 1450, 1453 (Fed. Cir. 1998). For example, the denial of a performance‑based award can be a personnel action. *See* 5 U.S.C. § 2302(a)(2)(A)(ix) (defining a personnel action to include a "decision concerning pay, benefits, or awards"); *see also Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 14 n.5 (2015) (finding that the agency's decision not to give the appellant a 40-hour time-off award constitutes a personnel action); *Hagen v. Department of Transportation*, 103 M.S.P.R. 595, ¶ 13 (2006) (holding that the denial of a cash award is a personnel action).

¶11     Despite the branch chief's failure to nominate the appellant for an award, the record reflects that the relevant policy concerning performance awards provides that an individual could be nominated for an award by "a peer/co‑worker; the employee him/her-self; a manager or supervisor; or by the other members of a group/team of which the individual is a member." IAF, Tab 8 at 128. Under the policy, such a nomination is to be submitted to the nominee's supervisor to validate whether the nominated employee is eligible to receive an award (meaning he was rated at a successful level on his most recent annual proficiency rating) and whether he performed the activity identified in the nomination during the current performance rating cycle. *Id.* at 128-29. The supervisor then submits the nomination to a Joint Awards Committee (JAC)

comprised of three union representatives and three agency representatives. *Id.* at 127, 129. After receiving the nomination, the JAC meets and makes a written recommendation regarding which nominees should receive an award to an official with award approval authority. *Id.* at 129. This official can accept, modify, or reject the JAC's award recommendations. *Id.* at 130.

¶12    The appellant does not dispute that, notwithstanding his supervisor's failure to nominate him for an award, pursuant to agency policy, he could have nominated himself for an award, but did not.[4]  IAF, Tab 11 at 6-7. Likewise, under the pertinent policy, other individuals, such as coworkers or team members, could have nominated the appellant for an award, but they did not. IAF, Tab 8 at 128. Thus, because the branch chief's decision not to nominate the appellant for an award did not have any practical consequences on the appellant being considered for such an award, we find that it is not a personnel action within the meaning of the WPA.[5]  *See King*, 133 F.3d at 1453 (stating that an action must have practical consequences for an employee to constitute a personnel action under 5 U.S.C. § 2302(a)(2)(A)).

### NOTICE TO THE APPELLANT REGARDING
### YOUR FURTHER REVIEW RIGHTS

This constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You have the right to request review of this final decision by the U.S. Court of Appeals for the Federal Circuit.

The court must receive your request for review no later than 60 calendar days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(A) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. The court

---

[4] We find unavailing the appellant's argument that he believed his branch chief would nominate him as he had in prior years and never informed the appellant that he would not nominate him for a fiscal year 2011 award. IAF, Tab 11 at 7.

[5] To the contrary, the appellant asserts that self-nomination, for example, could result in a potentially greater award because an employee is able to reference accomplishments that a supervisor may have forgotten. IAF, Tab 11 at 7.

has held that normally it does not have the authority to waive this statutory deadline and that filings that do not comply with the deadline must be dismissed. *See Pinat v. Office of Personnel Management*, 931 F.2d 1544 (Fed. Cir. 1991).

If you want to request review of the Board's decision concerning your claims of prohibited personnel practices under 5 U.S.C. § 2302(b)(8), (b)(9)(A)(i), (b)(9)(B), (b)(9)(C), or (b)(9)(D), but you do not want to challenge the Board's disposition of any other claims of prohibited personnel practices, you may request review of this final decision by the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction. The court of appeals must receive your petition for review within 60 days after the date of this order. *See* 5 U.S.C. § 7703(b)(1)(B) (as rev. eff. Dec. 27, 2012). If you choose to file, be very careful to file on time. You may choose to request review of the Board's decision in the U.S. Court of Appeals for the Federal Circuit or any other court of appeals of competent jurisdiction, but not both. Once you choose to seek review in one court of appeals, you may be precluded from seeking review in any other court.

If you need further information about your right to appeal this decision to court, you should refer to the Federal law that gives you this right. It is found in title 5 of the U.S. Code, section 7703 (5 U.S.C. § 7703) (as rev. eff. Dec. 27, 2012). You may read this law as well as other sections of the U.S. Code, at our website, http://www.mspb.gov/appeals/uscode.htm. Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, and 11. Additional information about other courts of appeals can be found at their respective websites, which can be accessed through the link below:
http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Merit Systems Protection Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.


FOR THE BOARD:          _____
         Jennifer Everling
         Acting Clerk of the Board

Washington, D.C.